UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- x
LUMINENT MORTGAGE CAPITAL, INC.;          :
MINERVA MORTGAGE FINANCE                  :
CORPORATION; and MERCURY MORTGAGE         :
FINANCE STATUTORY TRUST,                  :    **07 Civ. 9340 (PKC)**
                                          :
      Plaintiffs/Counterclaim-Defendants,   :
                                          :
      v.                                  :    **ANSWER AND AFFIRMATIVE**
                                          :    **DEFENSES OF**
                                          :    **PLAINTIFFS/COUNTERCLAIM-**
                                          :    **DEFENDANTS**
HSBC SECURITIES (USA) INC.,               :
                                          :
      Defendant/Counterclaimant.           :
                                          :
-------------------------------------------------------------- x

      Plaintiffs/Counterclaim-Defendants LUMINENT MORTGAGE CAPITAL, INC. ("Luminent"), MINERVA MORTGAGE FINANCE CORPORATION ("Minerva"), and MERCURY MORTGAGE FINANCE STATUTORY TRUST ("Mercury," and collectively with Luminent and Minerva, "Plaintiffs"), by and through their undersigned attorneys, for their Answer and Affirmative Defenses to the Counterclaims of Defendant HSBC SECURITIES (USA) INC. ("HSBC" or "Defendant"), state as follows upon personal knowledge and/or information and belief:

### AS AND FOR HSBC'S COUNTERCLAIMS AGAINST PLAINTIFFS

62.    Counterclaim-Defendants deny the allegations of Paragraph 62 of the Counterclaims.

### COMMON ALLEGATIONS

63.    Counterclaim-Defendants deny the allegations of Paragraph 63 of the Counterclaims, but admit that on or around December 19, 2005 Minerva and Mercury entered into a "Master Repurchase Agreement" with HSBC, each agreement being supplemented by certain

annexes thereto, and admits that Luminent provided a guarantee with respect to Minerva's and Mercury's obligations under the Master Repurchase Agreements.

64. Counterclaim-Defendants deny the allegations in paragraph 64 to the extent they are inconsistent with the agreements between the parties to this Action and respectfully refer the Court to those documents for their true and correct terms.

65. Counterclaim-Defendants deny the allegations in paragraph 65 to the extent they are inconsistent with the agreements between the parties to this Action and respectfully refer the Court to those documents for their true and correct terms.

66. Counterclaim-Defendants deny the allegations in paragraph 66 to the extent they are inconsistent with the agreements between the parties to this Action and respectfully refer the Court to those documents for their true and correct terms.

67. Counterclaim-Defendants deny the allegations in paragraph 67 to the extent they are inconsistent with the agreements between the parties to this Action and respectfully refer the Court to those documents for their true and correct terms.

68. Counterclaim-Defendants deny the allegations in paragraph 68 to the extent they are inconsistent with the agreements between the parties to this Action and respectfully refer the Court to those documents for their true and correct terms.

69. Counterclaim-Defendants deny the allegations in paragraph 69 to the extent they are inconsistent with the agreements between the parties to this Action and respectfully refer the Court to those documents for their true and correct terms.

70. Counterclaim-Defendants deny the allegations in paragraph 70.

71. Counterclaim-Defendants deny the allegations in paragraph 71.

72. Counterclaim-Defendants deny the allegations in paragraph 72.

73. Counterclaim-Defendants deny the allegations in paragraph 73.

74. Counterclaim-Defendants deny the allegations in paragraph 74 as, *inter alia*, they employ terms so vague and subjective as to make a response impossible. Counterclaim-Defendants further deny those allegations to the extent they are inconsistent with the

documentation relating to the Bonds and the underlying mortgages, and respectfully refer the Court to those documents for their true and correct terms. Counterclaim-Defendants further deny all characterizations inconsistent with that documentation.

75. Counterclaim-Defendants deny the allegations in paragraph 75 as, *inter alia*, they employ terms so vague and subjective as to make a response impossible. Counterclaim-Defendants further deny those allegations to the extent they are inconsistent with the underlying rights and documentation relating to the NIM Bond referred to therein, and respectfully refer the Court to those documents for their true and correct terms. Counterclaim-Defendants further deny all characterizations inconsistent with that documentation.

76. Counterclaim-Defendants deny the allegations in paragraph 76 as, *inter alia*, they employ terms so vague and subjective as to make a response impossible and make broad and generalized comments regarding events and matters that cannot be definitively admitted or denied as pleaded.

77. Counterclaim-Defendants deny the allegations in paragraph 77 and further respond that those allegations employ terms so vague and subjective as to make a response impossible. Counterclaim-Defendants further deny the characterization of events and matters set forth in paragraph 77.

78. Counterclaim-Defendants deny the allegations in paragraph 78.

79. Counterclaim-Defendants deny the allegations in paragraph 79.

80. Counterclaim-Defendants deny the allegations in paragraph 80, except admit that Defendant purported to issue margin calls to Minerva and Mercury during the first week of August, 2007 and that Plaintiffs did not meet those purported margin calls because they were improper and otherwise not in accordance with Defendant's obligations under its Master Repurchase Agreements with Minerva and Mercury.

81. Counterclaim-Defendants deny the allegations in paragraph 81, except admit that Defendant purported to declare a default under the MRA Agreements and that it sent termination notices to Plaintiffs.

82. Counterclaim-Defendants deny the allegations in paragraph 82 to the extent they are inconsistent with the agreements between the parties to this Action, and respectfully refer the Court to those documents for their true and correct terms. Counterclaim-Defendants further deny that an "Event of Default" occurred under the MRA Agreements as a result of any conduct by Counterclaim-Defendants; that HSBC had the right to sell the Bonds referred to therein; and that HSBC suffered "losses" on the transaction at issue.

83. Counterclaim-Defendants deny the allegations in paragraph 83.

84. Counterclaim-Defendants deny the allegations in paragraph 84.

85. Counterclaim-Defendants deny the allegations in paragraph 85.

86. Counterclaim-Defendants deny the allegations in paragraph 86.

87. Counterclaim-Defendants deny the allegations in paragraph 87.

88. Counterclaim-Defendants deny the allegations in paragraph 88.

89. Counterclaim-Defendants deny the allegations in paragraph 89 and, to the extent they are inconsistent with the agreements between the parties to this Action, respectfully refer the Court to those documents for their true and correct terms.

90. Counterclaim-Defendants deny the allegations in paragraph 90.

91. Counterclaim-Defendants deny the allegations in paragraph 91 to the extent they are inconsistent with the agreements between the parties to this Action and respectfully refer the Court to those documents for their true and correct terms. Counterclaim-Defendants further deny that an "Event of Default" occurred under the MRA Agreements as a result of any conduct by Counterclaim-Defendants.

92. Counterclaim-Defendants deny the allegations in paragraph 92.

93. Counterclaim-Defendants deny the allegations in paragraph 93.

94. Counterclaim-Defendants deny the allegations in paragraph 94.

95.  Counterclaim-Defendants deny the allegations in paragraph 95.

## FIRST COUNTERCLAIM

96.  Counterclaim-Defendants repeat and reallege each and every response set forth in paragraphs 62 through 95 of this answer as if fully set forth herein, and assert that no response is required to paragraph 61 of HSBC's pleading.

97.  Counterclaim-Defendants admit the allegations in paragraph 97.

98.  Counterclaim-Defendants deny the allegations in paragraph 98 to the extent they are inconsistent with the agreements between the parties to this Action, and respectfully refer the Court to those documents for their true and correct terms.  Counterclaim-Defendants further deny that they were required to meet the improper margin calls issued by Defendant.

99.  Counterclaim-Defendants deny the allegations in paragraph 99, except admit that Defendant purported to issue certain margin calls that were not met.

100.  Counterclaim-Defendants deny the allegations in paragraph 100.

101.  Counterclaim-Defendants deny the allegations in paragraph 101 to the extent they are inconsistent with the agreements between the parties to this Action, and respectfully refer the Court to those documents for their true and correct terms.

102.  Counterclaim-Defendants deny the allegations in paragraph 102 to the extent they are inconsistent with the agreements between the parties to this Action, and respectfully refer the Court to those documents for their true and correct terms.

103.  Counterclaim-Defendants deny the allegations in paragraph 103.

104.  Counterclaim-Defendants deny the allegations in paragraph 104 to the extent they are inconsistent with the agreements between the parties to this Action, and respectfully refer the Court to those documents for their true and correct terms.  Counterclaim-Defendants further deny that an "Event of Default" occurred under the MRA Agreements as a result of any conduct by Counterclaim-Defendants.

105.  Counterclaim-Defendants deny the allegations in paragraph 105.

106. Counterclaim-Defendants deny the allegations in paragraph 106.

107. Counterclaim-Defendants deny the allegations in paragraph 107.

## SECOND COUNTERCLAIM

108. Counterclaim-Defendants repeat and reallege each and every response set forth in paragraphs 62 through 107 of this answer as if fully set forth herein, and assert that no response is required to paragraph 61 of HSBC's pleading.

109. Counterclaim-Defendants admit the allegations in paragraph 109.

110. Counterclaim-Defendants deny the allegations in paragraph 110 to the extent they are inconsistent with the agreements between the parties to this Action, and respectfully refer the Court to those documents for their true and correct terms. Counterclaim-Defendants further deny that they were required to meet the improper margin calls issued by Defendant.

111. Counterclaim-Defendants deny the allegations in paragraph 111, except admit that Defendant purported to issue certain margin calls that were not met.

112. Counterclaim-Defendants deny the allegations in paragraph 112.

113. Counterclaim-Defendants deny the allegations in paragraph 113 to the extent they are inconsistent with the agreements between the parties to this Action, and respectfully refer the Court to those documents for their true and correct terms.

114. Counterclaim-Defendants deny the allegations in paragraph 114 to the extent they are inconsistent with the agreements between the parties to this Action, and respectfully refer the Court to those documents for their true and correct terms.

115. Counterclaim-Defendants deny the allegations in paragraph 115.

116. Counterclaim-Defendants deny the allegations in paragraph 116 to the extent they are inconsistent with the agreements between the parties to this Action, and respectfully refer the Court to those documents for their true and correct terms. Counterclaim-Defendants further deny that an "Event of Default" occurred under the MRA Agreements as a result of any conduct by Counterclaim-Defendants.

117. Counterclaim-Defendants deny the allegations in paragraph 117.

118. Counterclaim-Defendants deny the allegations in paragraph 118.

119. Counterclaim-Defendants deny the allegations in paragraph 119.

### THIRD COUNTERCLAIM

120. Counterclaim-Defendants repeat and reallege each and every response set forth in paragraphs 62 through 119 of this answer as if fully set forth herein, and assert that no response is required to paragraph 61 of HSBC's pleading.

121. Counterclaim-Defendants deny the allegations in paragraph 121.

122. Counterclaim-Defendants deny the allegations in paragraph 122.

123. Counterclaim-Defendants deny the allegations in paragraph 123.

124. Counterclaim-Defendants deny the allegations in paragraph 124.

### FOURTH COUNTERCLAIM

125. Counterclaim-Defendants repeat and reallege each and every response set forth in paragraphs 62 through 124 of this answer as if fully set forth herein, and assert that no response is required to paragraph 61 of HSBC's pleading.

126. Counterclaim-Defendants deny the allegations in paragraph 126.

127. Counterclaim-Defendants deny the allegations in paragraph 127.

128. Counterclaim-Defendants deny the allegations in paragraph 128.

129. Counterclaim-Defendants deny the allegations in paragraph 129.

### FIFTH COUNTERCLAIM

130. Counterclaim-Defendants repeat and reallege each and every response set forth in paragraphs 62 through 129 of this answer as if fully set forth herein, and assert that no response is required to paragraph 61 of HSBC's pleading.

131. Counterclaim-Defendants deny the allegations in paragraph 131.

132. Counterclaim-Defendants deny the allegations in paragraph 132.

133. Counterclaim-Defendants deny the allegations in paragraph 133.

## SIXTH COUNTERCLAIM

134. Counterclaim-Defendants repeat and reallege each and every response set forth in paragraphs 62 through 133 of this answer as if fully set forth herein, and assert that no response is required to paragraph 61 of HSBC's pleading.

135. Counterclaim-Defendants deny the allegations in paragraph 135.

136. Counterclaim-Defendants deny the allegations in paragraph 136.

137. Counterclaim-Defendants deny the allegations in paragraph 137.

## SEVENTH COUNTERCLAIM

138. Counterclaim-Defendants repeat and reallege each and every response set forth in paragraphs 62 through 137 of this answer as if fully set forth herein , and assert that no response is required to paragraph 61 of HSBC's pleading.

139. Counterclaim-Defendants deny the allegations in paragraph 139 to the extent they are inconsistent with the agreements between the parties to this Action, and respectfully refer the Court to those documents for their true and correct terms.

140. Counterclaim-Defendants deny the allegations in paragraph 140.

141. Counterclaim-Defendants deny the allegations in paragraph 141.

## EIGHTH COUNTERCLAIM

142. Counterclaim-Defendants repeat and reallege each and every response set forth in paragraphs 62 through 141 of this answer as if fully set forth herein , and assert that no response is required to paragraph 61 of HSBC's pleading.

143. Counterclaim-Defendants deny the allegations in paragraph 143 to the extent they are inconsistent with the agreements between the parties to this Action, and respectfully refer the Court to those documents for their true and correct terms.

144. Counterclaim-Defendants deny the allegations in paragraph 144 and, to the extent they are inconsistent with the agreements between the parties to this Action, respectfully refer the Court to those documents for their true and correct terms.

145. Counterclaim-Defendants lack knowledge and/or information sufficient to form a belief as to the truth of the allegations in paragraph 145.

146. Counterclaim-Defendants deny the allegations in paragraph 146.

147. Counterclaim-Defendants deny the allegations in paragraph 147.

148. Counterclaim-Defendants deny the allegations in paragraph 148, except admit that they have refused to pay amounts Defendant wrongfully claims it is owed from Plaintiffs.

149. Counterclaim-Defendants deny the allegations in paragraph 149.

150. Counterclaim-Defendants deny the allegations in paragraph 150.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The Counterclaims fail to state a claim upon which relief can be granted.

### Second Affirmative Defense

The Counterclaims are barred because they are merely a bad faith attempt to divert attention from Defendant's misconduct.

### Third Affirmative Defense

Defendant is barred from seeking equitable relief by the doctrine of unclean hands.

### Fourth Affirmative Defense

The Counterclaims are barred because there was no breach of the MRA Agreements by Plaintiffs.

### Fifth Affirmative Defense

The Counterclaims are barred by the doctrines of waiver and estoppel.

### Sixth Affirmative Defense

Defendant has suffered no damages.

### Seventh Affirmative Defense

To the extent Defendant has suffered any damages, it has failed to mitigate its damages.

### Eighth Affirmative Defense

The Counterclaims are barred by Defendant's own breaches of contract and defaults.

### Ninth Affirmative Defense

The Counterclaims are barred by Defendant's own fraud and illegality.

### Tenth Affirmative Defense

Defendant is barred from seeking equitable relief by the doctrine of laches.

### Eleventh Affirmative Defense

The Counterclaims are barred by public policy.

### Twelfth Affirmative Defense

The Counterclaims are barred by the applicable statute of limitations.

### Thirteenth Affirmative Defense

The Counterclaims are barred by the doctrine of accord and satisfaction.

### Fourteenth Affirmative Defense

The Counterclaims are barred as a result of payment by Counterclaim-Defendants.

### Fifteenth Affirmative Defense

The Counterclaims fails to plead the essential elements of all claims alleged.

### Sixteenth Affirmative Defense

Defendant cannot prove any of the essential elements of breach of contract.

### Seventeenth Affirmative Defense

The Counterclaims are barred by the fact that any injuries and/or damages suffered by Defendant were caused in whole or in part by Defendant's conduct or actions, or the conduct or actions of other parties or persons.

### Eighteenth Affirmative Defense

If Counterclaim-Defendants are found to be liable to Defendant, Counterclaim-Defendants are entitled to an offset of all sums owing to them by Defendant.

**Further Affirmative Defense**

Counterclaim-Defendants reserve the right to assert such other and further defenses as may be appropriate pending further investigation and discovery, and to amend its Answer accordingly.

WHEREFORE, Counterclaim-Defendants demand judgment dismissing the Counterclaims with prejudice, awarding them attorney's fees and costs of suit, and granting them such other and further relief as the Court shall deem just and proper.

Dated:    New York, New York
          December 31, 2007

/s/
Sean F. O'Shea (SO5476)
Michael E. Petrella (MP3794)
**O'SHEA PARTNERS LLP**
90 Park Avenue, 20th Floor
New York, New York 10016
Tel:   (212) 682-4426
Fax:   (212) 682-4437