**MEMO ENDORSED**

## O'SHEA PARTNERS LLP

90 PARK AVENUE
20th FLOOR
NEW YORK, NEW YORK 10016

SEAN F. O'SHEA
MICHAEL E. PETRELLA
—
HARLAN J. PROTASS
MARC D. FEINGOLD
JONATHAN R. ALTSCHULER
MAUREEN MORAN
JULIE O'SHEA

(212) 682-4426
Fax (212) 682-4437
www.osheapartners.com

March 19, 2008

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/19/08
```

**BY FAX**

Hon. P. Kevin Castel, U.S.D.J.
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

   Re:   **Luminent Mortgage Capital, Inc. et al. v. HSBC Securities (USA) Inc.**
         **07 Civ. 9340 (PKC)**

Your Honor:

   This office represents Plaintiffs in the above captioned matter. This morning Defendant circumvented the Court's February 5, 2008 standing order on discovery disputes by sending a letter directly to Chambers concerning Section 6 of the proposed Confidentiality Order in this case. This office responded with a letter proposing that Plaintiffs serve a letter on Defendant in accordance with your February 5, 2008 order on or before Friday. Alternatively, we proposed that we be permitted to submit a letter to the Court regarding our position on Section 6 on or before Friday. As our position on Section 6 is relatively simple and straight-forward, we have explained it herein. We feel compelled to do so on the off-chance that the Court concludes that Defendant's frantic rush to preempt Plaintiffs' issue was proper, notwithstanding its February 5th standing order. Of course, to the extent that the Court concludes that Defendant did violate the February 5th standing order and wishes the parties to follow the procedure set forth therein, we will gladly withdraw this letter and proceed accordingly.

   An issue has arisen regarding your March 5, 2008 order, which decided a dispute detailed in a March 4th joint letter from the parties. That joint letter and ruling pertained to a proposed Confidentiality Order governing discovery in this case. The instant dispute concerns Section 6 of the proposed Confidentiality Order (Defendant's 3/19/08 Letter, attachment at 3-4.) Stated briefly, that provision purports to require a party seeking to challenge an adversary's designation of materials as "Confidential" to give written notice of its objection within 30 days of receiving the materials. Failure to do so results in a waiver of any claim that the documents at issue are not entitled to confidential treatment. In view of the Court's resolution of the dispute embodied in

the March 4th joint letter, and as explained in detail below, Plaintiffs believe that Section 6 is no longer appropriate, and should be stricken.

As the Court will recall, the central issue in the March 4th joint letter was under what terms and conditions the parties could show confidential documents to non-party witnesses. Plaintiffs emphasized their interest in being free to prepare their case and interview potential witnesses unfettered by burdensome procedural requirements based on dubious claims of "confidentiality." Thus, Plaintiffs argued that they should be permitted to show non-party witnesses supposedly "confidential" documents, even if the witness did not sign a written acknowledgement agreeing to be bound by the Confidentiality Order, provided certain precautions were taken. (3/4/08 Joint Letter, at 2.) Defendants contended that no non-party witness should be allowed to see "confidential" documents unless they signed the written acknowledgement. (*Id.*)

The Court resolved the dispute by requiring the inclusion of a provision in the Confidentiality Order indicating that "notwithstanding any other provision, either party after a prompt meet and conferral, may apply to the Court to have any document or category of document designated by the other side lifted from the confidentiality protection and that on such an application the party opposing the lifting of confidentiality shall bear the burden of proof." (3/5/08 Order.) Thus, under the Court's ruling, if Plaintiffs wanted to show a non-party witness a document designated "Confidential" by Defendant, they could simply apply for an order lifting the confidential designation. The Court's disposition was obviously designed to protect both parties' interests, while at the same time providing a mechanism to resolve individual disputes on a case-by-case basis, if and when they actually arise.

While Plaintiffs are more than satisfied with the Court's resolution, the ruling does alter Plaintiffs' prior willingness to agree to Section 6 of the proposed Confidentiality Order (which is attached to Defendant's March 19th letter). Specifically, under Plaintiffs' proposed approach to Section 10 (as detailed in the March 4th joint letter), they would have had the ability to show confidential documents to non-party witnesses at any time – even if those witnesses did not sign a written confidentiality acknowledgement – as long as Plaintiffs first took certain specified precautions. Under Plaintiffs' proposal, then, a 30 day fuse on the time to object to confidentiality designations was acceptable, because Plaintiffs did not need to lift the confidentiality designation to show "confidential" documents to non-party witnesses (provided they first observed the specified precautions).

Under the Court's ruling, however, all documents designated "confidential" by an adversary cannot be shown to non-party witnesses unless and until the confidentiality designation is lifted by Court order. Thus, Plaintiffs' ability to show key documents to potentially important witnesses is heavily dependent on seeking and obtaining a Court order lifting the confidentiality protection. Litigation is obviously a fluid process. Documents that may appear relatively inconsequential within 30 days of their production can suddenly assume great significance in light of later deposition testimony or subsequently-produced documents. Accordingly, artificial limits on the time to seek an order lifting the confidentiality designation are both unproductive and fundamentally unfair. It requires Plaintiffs to predict in advance whether they will want to show a particular document to a particular witness, and seek judicial

2

relief accordingly.  For that reason, if the 30 day provision remains in the Confidentiality Order, it will generate needless litigation, and require the constant intervention of the Court. Specifically, in order to preserve their rights, *Plaintiffs will be forced to challenge the confidentiality of every document so designated by Defendant within 30 days of production* to protect against the possibility that they might eventually need the confidentiality protection lifted. The result will be an endless stream of motion practice over confidentiality issues, much or all of which might eventually prove moot.[1]  Such a result is obviously contrary to the spirit and intent of the Court's March 5th order.

Defendant argues that Plaintiffs have already agreed to Section 6 of the proposed Confidentiality Order.  That is false.  Indeed, Plaintiffs made absolutely clear in the March 4th joint letter that they were ambivalent at best regarding a confidentiality order, that they had engaged in discussions regarding such an order essentially as a favor to Defendant, and that Plaintiffs' consent to any given provision of the draft confidentiality order was wholly contingent on acceptance of their approach to Section 10.  (3/4/08 Joint Letter, at 3-4.)

For the foregoing reasons, Plaintiffs respectfully request that the Court strike Paragraph 6 from the Confidentiality Order.

Respectfully submitted,

Michael E. Petrella

cc:    Jeffrey Rosenthal, Esq. (via email)

*[handwritten notes by the judge, partially legible]*

I have three (3) letters today. Confidentiality should be the exception and not the rule. I see no good reason for a provision which precludes a party from a later challenge of a confidentiality designation. Finally is an important value but so, too, is the avoidance of needless overdesignation of documents. Indeed, any claimed confidentiality drivers as Order does override the present dispute is needless. LET'S GET MOVING.

*i.e. beyond a fixed period)*

---

[1]    Notably, the Court's March 5th order granted any party the right to seek to lift a confidentiality designation "*notwithstanding any other provision*" in the proposed Confidentiality Order.  Therefore, the Plaintiffs believe that the Court's order itself overrides the 30 day restriction.  Defendant disagrees with this interpretation, however, compelling Plaintiffs to seek clarification.

*ORDERED. USDJ*
*[signature]*
*3-19-08*