UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------- x

LUMINENT MORTGAGE CAPITAL, INC.;
MINERVA MORTGAGE FINANCE
CORPORATION; and MERCURY MORTGAGE
FINANCE STATUTORY TRUST,

        Plaintiffs/Counterclaim-Defendants,

        v.

HSBC SECURITIES (USA) INC.,

        Defendant/Counterclaimant.

---------------------------------------------------------------- x

07 Civ. 9340 (PKC)

**ANSWER AND AFFIRMATIVE DEFENSES OF PLAINTIFFS/COUNTERCLAIM-DEFENDANTS IN RESPONSE TO AMENDED COUNTERCLAIMS**

Plaintiffs/Counterclaim-Defendants LUMINENT MORTGAGE CAPITAL, INC. ("Luminent"), MINERVA MORTGAGE FINANCE CORPORATION ("Minerva"), and MERCURY MORTGAGE FINANCE STATUTORY TRUST ("Mercury," and collectively with Luminent and Minerva, "Plaintiffs" or "Counterclaim-Defendants"), by and through their undersigned attorneys, for their Answer and Affirmative Defenses to the Amended Counterclaims of Defendant HSBC SECURITIES (USA) INC. ("HSBC" or "Defendant"), state as follows upon personal knowledge and/or information and belief:

### AS AND FOR HSBC'S COUNTERCLAIMS AGAINST PLAINTIFFS

62. Counterclaim-Defendants deny the allegations of Paragraph 62 of the Counterclaims.

### COMMON ALLEGATIONS

63. Counterclaim-Defendants deny the allegations of Paragraph 63 of the Counterclaims, but admit that on or around December 19, 2005 Minerva and Mercury entered into a "Master Repurchase Agreement" with HSBC, each agreement being supplemented by certain

annexes thereto, and admit that Luminent provided a guarantee with respect to Minerva's and Mercury's obligations under the Master Repurchase Agreements.

64. Counterclaim-Defendants deny the allegations in paragraph 64 to the extent they are inconsistent with the agreements between the parties to this Action and respectfully refer the Court to those documents for their true and correct terms.

65. Counterclaim-Defendants deny the allegations in paragraph 65 to the extent they are inconsistent with the agreements between the parties to this Action and respectfully refer the Court to those documents for their true and correct terms.

66. Counterclaim-Defendants deny the allegations in paragraph 66 to the extent they are inconsistent with the agreements between the parties to this Action and respectfully refer the Court to those documents for their true and correct terms.

67. Counterclaim-Defendants deny the allegations in paragraph 67 to the extent they are inconsistent with the agreements between the parties to this Action and respectfully refer the Court to those documents for their true and correct terms.

68. Counterclaim-Defendants deny the allegations in paragraph 68 to the extent they are inconsistent with the agreements between the parties to this Action and respectfully refer the Court to those documents for their true and correct terms.

69. Counterclaim-Defendants deny the allegations in paragraph 69 to the extent they are inconsistent with the agreements between the parties to this Action and respectfully refer the Court to those documents for their true and correct terms.

70. Counterclaim-Defendants deny the allegations in paragraph 70.

71. Counterclaim-Defendants deny the allegations in paragraph 71.

72. Counterclaim-Defendants deny the allegations in paragraph 72 to the extent they are inconsistent with the agreements between the parties to this Action and respectfully refer the Court to the documents underlying those agreements for the agreements' true and correct terms.

73. Counterclaim-Defendants deny the allegations in paragraph 73 to the extent they are inconsistent with the agreements between the parties to this Action and respectfully refer the Court to the documents underlying those agreements for the agreements' true and correct terms.

74. Counterclaim-Defendants deny the allegations in paragraph 74 as, *inter alia*, they employ terms so vague and subjective as to make a response impossible. Counterclaim-Defendants further deny those allegations to the extent they are inconsistent with the documentation relating to the Bonds and the underlying mortgages, and respectfully refer the Court to those documents for their true and correct terms. Counterclaim-Defendants further deny all characterizations inconsistent with that documentation.

75. Counterclaim-Defendants deny the allegations in paragraph 75 as, *inter alia*, they employ terms so vague and subjective as to make a response impossible. Counterclaim-Defendants further deny those allegations to the extent they are inconsistent with the underlying rights and documentation relating to the NIM Bond referred to therein, and respectfully refer the Court to those documents for their true and correct terms. Counterclaim-Defendants further deny all characterizations inconsistent with that documentation.

76. Counterclaim-Defendants deny the allegations in paragraph 76 as, *inter alia*, they employ terms so vague and subjective as to make a response impossible and make broad and generalized comments regarding events and matters that cannot be definitively admitted or denied as pleaded.

77. Counterclaim-Defendants deny the allegations in paragraph 77 and further respond that those allegations employ terms so vague and subjective as to make a response impossible. Counterclaim-Defendants further deny the characterization of events and matters set forth in paragraph 77.

78. Counterclaim-Defendants deny the allegations in paragraph 78.

79. Counterclaim-Defendants deny the allegations in paragraph 79.

80. Counterclaim-Defendants admit that HSBC issued margin calls on August 3, 2007 and that they disputed those margin calls, but deny the allegations in paragraph 80 as they erroneously imply that Counterclaim-Defendants agreed that Defendant's margin calls were proper. Based on information available at this time, Counterclaim-Defendants lack knowledge and/or information sufficient to form a belief as to the truth of the allegation in paragraph 80 that HSBC agreed to withdraw a margin call relating to Minerva.

81. Counterclaim-Defendants deny the allegations in paragraph 81, except admit that Luminent issued a press release on August 6, 2007 and respectfully refer the Court to that document for its true and correct terms.

82. Counterclaim-Defendants admit that Luminent held a conference call with repurchase agreement counterparties on August 7, 2007 at or around 11:30 a.m., but deny HSBC's characterization of the statements made during that call.

83. Counterclaim-Defendants admit that Mr. Moore spoke during the referenced conference call, but deny HSBC's characterization of the statements made during that call.

84. Counterclaim-Defendants deny the allegations in paragraph 84 to the extent they are inconsistent with the agreements between the parties to this Action and respectfully refer the Court to the documents underlying those agreements for the agreements' true and correct terms.

85. Counterclaim-Defendants deny the allegations in paragraph 85 to the extent they are inconsistent with the agreements between the parties to this Action and respectfully refer the Court to the documents underlying those agreements for the agreements' true and correct terms.

86. Based on information available at this time, as well as the vagueness of the allegation, Counterclaim-Defendants lack knowledge and/or information sufficient to form a belief as to the truth of the allegations in paragraph 86.

87. Counterclaim-Defendants deny the allegations in paragraph 87.

88. Counterclaim-Defendants deny the allegations in paragraph 88, except admit that Defendant purported to issue margin calls to Minerva and Mercury on August 8, 2007 and that Plaintiffs did not meet those purported margin calls because they were improper and otherwise not in accordance with Defendant's obligations under its Master Repurchase Agreements with Minerva and Mercury.

89. Counterclaim-Defendants deny the allegations in paragraph 89, except admit that Defendant purported to declare a default under the Master Repurchase Agreements and sent default notices.

90. Counterclaim-Defendants deny the allegations in paragraph 90 to the extent they are inconsistent with the agreements between the parties to this Action, and respectfully refer the Court to those documents for their true and correct terms. Counterclaim-Defendants further deny that an "Event of Default" occurred under the Master Repurchase Agreements as a result of any conduct by Counterclaim-Defendants; that HSBC had the right to sell the Bonds referred to therein; and that HSBC suffered "losses" on the transaction at issue.

91. Counterclaim-Defendants deny the allegations in paragraph 91.

92. Counterclaim-Defendants deny the allegations in paragraph 92.

93. Counterclaim-Defendants deny the allegations in paragraph 93.

94. Counterclaim-Defendants deny the allegations in paragraph 94.

95. Counterclaim-Defendants deny the allegations in paragraph 95.

96. Counterclaim-Defendants deny the allegations in paragraph 96.

97. Counterclaim-Defendants deny the allegations in paragraph 97.

98. Counterclaim-Defendants deny the allegations in paragraph 98, except admit that they did not make any bids for the Bonds on August 9, 2007, and assert that they did offer to repurchase the bonds from HSBC in October 2007 at prices that exceeded the prices at which HSBC purported to have won them in its auction, but HSBC rejected that offer.

99. Counterclaim-Defendants deny the allegations in paragraph 99 and, to the extent they are inconsistent with the agreements between the parties to this Action, respectfully refer the Court to those documents for their true and correct terms.

100. Counterclaim-Defendants deny the allegations in paragraph 100.

101. Counterclaim-Defendants deny the allegations in paragraph 101 to the extent they are inconsistent with the agreements between the parties to this Action and respectfully refer the Court to those documents for their true and correct terms. Counterclaim-Defendants further deny that an "Event of Default" occurred under the Master Repurchase Agreements as a result of any conduct by Counterclaim-Defendants.

102. Counterclaim-Defendants deny the allegations in paragraph 102.

103. Counterclaim-Defendants deny the allegations in paragraph 103.

104. Counterclaim-Defendants deny the allegations in paragraph 104.

105. Counterclaim-Defendants deny the allegations in paragraph 105.

## FIRST COUNTERCLAIM

106. Counterclaim-Defendants repeat and reallege each and every response set forth in paragraphs 62 through 105 of this answer as if fully set forth herein.

107. Counterclaim-Defendants admit the allegations in paragraph 107.

108. Counterclaim-Defendants deny the allegations in paragraph 108 to the extent they are inconsistent with the agreements between the parties to this Action, and respectfully refer the Court to those documents for their true and correct terms. Counterclaim-Defendants further deny that they were required to meet the improper margin calls issued by Defendant.

109. Counterclaim-Defendants deny the allegations in paragraph 109.

110. Counterclaim-Defendants deny the allegations in paragraph 110.

111. Counterclaim-Defendants deny the allegations in paragraph 111 to the extent they are inconsistent with the agreements between the parties to this Action, and respectfully refer the Court to those documents for their true and correct terms. Counterclaim-Defendants

further deny that an "Event of Default" occurred under the Master Repurchase Agreement as a result of any conduct by Counterclaim-Defendants.

112. Counterclaim-Defendants deny the allegations in paragraph 112 to the extent they are inconsistent with the agreements between the parties to this Action, and respectfully refer the Court to those documents for their true and correct terms.

113. Counterclaim-Defendants deny the allegations in paragraph 113 to the extent they are inconsistent with the agreements between the parties to this Action, and respectfully refer the Court to those documents for their true and correct terms.

114. Counterclaim-Defendants deny the allegations in paragraph 114.

115. Counterclaim-Defendants deny the allegations in paragraph 115 to the extent they are inconsistent with the agreements between the parties to this Action, and respectfully refer the Court to those documents for their true and correct terms. Counterclaim-Defendants further deny that an "Event of Default" occurred under the Master Repurchase Agreements as a result of any conduct by Counterclaim-Defendants.

116. Counterclaim-Defendants deny the allegations in paragraph 116.

117. Counterclaim-Defendants deny the allegations in paragraph 117.

118. Counterclaim-Defendants deny the allegations in paragraph 118.

## SECOND COUNTERCLAIM

119. Counterclaim-Defendants repeat and reallege each and every response set forth in paragraphs 62 through 118 of this answer as if fully set forth herein.

120. Counterclaim-Defendants admit the allegations in paragraph 120.

121. Counterclaim-Defendants deny the allegations in paragraph 121 to the extent they are inconsistent with the agreements between the parties to this Action, and respectfully refer the Court to those documents for their true and correct terms. Counterclaim-Defendants further deny that they were required to meet the improper margin calls issued by Defendant.

122. Counterclaim-Defendants deny the allegations in paragraph 122.

123. Counterclaim-Defendants deny the allegations in paragraph 123.

124. Counterclaim-Defendants deny the allegations in paragraph 124 to the extent they are inconsistent with the agreements between the parties to this Action, and respectfully refer the Court to those documents for their true and correct terms.

125. Counterclaim-Defendants deny the allegations in paragraph 125 to the extent they are inconsistent with the agreements between the parties to this Action, and respectfully refer the Court to those documents for their true and correct terms.

126. Counterclaim-Defendants deny the allegations in paragraph 126.

127. Counterclaim-Defendants deny the allegations in paragraph 127 to the extent they are inconsistent with the agreements between the parties to this Action, and respectfully refer the Court to those documents for their true and correct terms. Counterclaim-Defendants further deny that an "Event of Default" occurred under the Master Repurchase Agreements as a result of any conduct by Counterclaim-Defendants.

128. Counterclaim-Defendants deny the allegations in paragraph 128.

129. Counterclaim-Defendants deny the allegations in paragraph 129.

130. Counterclaim-Defendants deny the allegations in paragraph 130.

### THIRD COUNTERCLAIM

131. Counterclaim-Defendants repeat and reallege each and every response set forth in paragraphs 62 through 130 of this answer as if fully set forth herein.

132. Counterclaim-Defendants deny the allegations in paragraph 132.

133. Counterclaim-Defendants deny the allegations in paragraph 133.

134. Counterclaim-Defendants deny the allegations in paragraph 134.

135. Counterclaim-Defendants deny the allegations in paragraph 135.

### FOURTH COUNTERCLAIM

136. Counterclaim-Defendants repeat and reallege each and every response set forth in paragraphs 62 through 135 of this answer as if fully set forth herein.

137. Counterclaim-Defendants deny the allegations in paragraph 137.

138. Counterclaim-Defendants deny the allegations in paragraph 138.

139. Counterclaim-Defendants deny the allegations in paragraph 139.

140. Counterclaim-Defendants deny the allegations in paragraph 140.

### FIFTH COUNTERCLAIM

141. Counterclaim-Defendants repeat and reallege each and every response set forth in paragraphs 62 through 140 of this answer as if fully set forth herein.

142. Counterclaim-Defendants deny the allegations in paragraph 142.

143. Counterclaim-Defendants deny the allegations in paragraph 143.

144. Counterclaim-Defendants deny the allegations in paragraph 144.

### SIXTH COUNTERCLAIM

145. Counterclaim-Defendants repeat and reallege each and every response set forth in paragraphs 62 through 144 of this answer as if fully set forth herein.

146. Counterclaim-Defendants deny the allegations in paragraph 146.

147. Counterclaim-Defendants deny the allegations in paragraph 147.

148. Counterclaim-Defendants deny the allegations in paragraph 148.

### SEVENTH COUNTERCLAIM

149. Counterclaim-Defendants repeat and reallege each and every response set forth in paragraphs 62 through 148 of this answer as if fully set forth herein.

150. Counterclaim-Defendants deny the allegations in paragraph 150 to the extent they are inconsistent with the agreements between the parties to this Action, and respectfully refer the Court to those documents for their true and correct terms.

151. Counterclaim-Defendants deny the allegations in paragraph 151.

152. Counterclaim-Defendants deny the allegations in paragraph 152.

### EIGHTH COUNTERCLAIM

153. Counterclaim-Defendants repeat and reallege each and every response set forth in paragraphs 62 through 152 of this answer as if fully set forth herein.

154. Counterclaim-Defendants deny the allegations in paragraph 154 to the extent they are inconsistent with the agreements between the parties to this Action, and respectfully refer the Court to those documents for their true and correct terms.

155. Counterclaim-Defendants deny the allegations in paragraph 155 and, to the extent they are inconsistent with the agreements between the parties to this Action, respectfully refer the Court to those documents for their true and correct terms.

156. Counterclaim-Defendants lack knowledge and/or information sufficient to form a belief as to the truth of the allegations in paragraph 156.

157. Counterclaim-Defendants deny the allegations in paragraph 157.

158. Counterclaim-Defendants deny the allegations in paragraph 158.

159. Counterclaim-Defendants deny the allegations in paragraph 159, except admit that they have refused to pay amounts Defendant wrongfully claims it is owed from Plaintiffs.

160. Counterclaim-Defendants deny the allegations in paragraph 160.

161. Counterclaim-Defendants deny the allegations in paragraph 161.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The Counterclaims fail to state a claim upon which relief can be granted.

### Second Affirmative Defense

The Counterclaims are barred because they are merely a bad faith attempt to divert attention from Defendant's misconduct.

### Third Affirmative Defense

Defendant is barred from seeking equitable relief by the doctrine of unclean hands.

### Fourth Affirmative Defense

The Counterclaims are barred because there was no breach of the Master Repurchase Agreements by Plaintiffs.

### Fifth Affirmative Defense

The Counterclaims are barred by the doctrines of waiver and estoppel.

### Sixth Affirmative Defense

Defendant has suffered no damages.

### Seventh Affirmative Defense

To the extent Defendant has suffered any damages, it has failed to mitigate its damages.

### Eighth Affirmative Defense

The Counterclaims are barred by Defendant's own breaches of contract and defaults.

### Ninth Affirmative Defense

The Counterclaims are barred by Defendant's own fraud and illegality.

### Tenth Affirmative Defense

Defendant is barred from seeking equitable relief by the doctrine of laches.

### Eleventh Affirmative Defense

The Counterclaims are barred by public policy.

### Twelfth Affirmative Defense

The Counterclaims are barred by the applicable statute of limitations.

### Thirteenth Affirmative Defense

The Counterclaims are barred by the doctrine of accord and satisfaction.

### Fourteenth Affirmative Defense

The Counterclaims are barred as a result of payment by Counterclaim-Defendants.

### Fifteenth Affirmative Defense

The Counterclaims fails to plead the essential elements of all claims alleged.

### Sixteenth Affirmative Defense

Defendant cannot prove any of the essential elements of breach of contract.

### Seventeenth Affirmative Defense

The Counterclaims are barred by the fact that any injuries and/or damages suffered by Defendant were caused in whole or in part by Defendant's conduct or actions, or the conduct or actions of other parties or persons.

### Eighteenth Affirmative Defense

If Counterclaim-Defendants are found to be liable to Defendant, Counterclaim-Defendants are entitled to an offset of all sums owing to them by Defendant.

### Further Affirmative Defense

Counterclaim-Defendants reserve the right to assert such other and further defenses as may be appropriate pending further investigation and discovery, and to amend its Answer accordingly.

WHEREFORE, Counterclaim-Defendants demand judgment dismissing the Counterclaims with prejudice, awarding them attorney's fees and costs of suit, and granting them such other and further relief as the Court shall deem just and proper.

Dated:   New York, New York
         March 25, 2008

                                          /s/
                                          Sean F. O'Shea (SO5476)
                                          Michael E. Petrella (MP3794)
                                          **O'SHEA PARTNERS LLP**
                                          90 Park Avenue, 20th Floor
                                          New York, New York 10016
                                          Tel:   (212) 682-4426
                                          Fax:   (212) 682-4437