

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
                               :

LUMINENT MORTGAGE CAPITAL, INC.;     :
MINERVA MORTGAGE FINANCE          :
CORPORATION; and MERCURY MORTGAGE   :     07 Civ. 9340 (PKC)
FINANCE STATUTORY TRUST,          :

                Plaintiffs,        :

             v.                 :

HSBC SECURITIES (USA) INC.,           :

             Defendant.       :
------------------------------------------------------------- X

| USDS SDNY |
| --- |
| DOCUMENT |
| ELECTRONICALLY FILED |
| DOC #: _____ |
| DATE FILED: 4/3/08 |

### STIPULATION AND ORDER GOVERNING CONFIDENTIAL MATERIAL

         WHEREAS discovery in the above-entitled lawsuit (the "Action") may involve the production of confidential information, as defined herein;

         IT IS HEREBY STIPULATED AND AGREED, by and between the undersigned counsel of record to the parties to the Action, and by the parties to the Action (the "Parties" or "Party") through their undersigned Counsel, subject to the approval of the Court, that this Stipulation and Order Governing Confidential Material (the "Order") shall provide as follows:

         1.     This Order governs the handling of documents, interrogatory answers, admissions, deposition testimony, deposition exhibits, the information contained or disclosed therein, or any other information provided or produced to a Party to the Action by any other Party or third-party ("Producing Party") (hereinafter collectively referred to as "Discovery Material"). The term "document" or "documents" has the widest meaning accorded to it under the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Southern District of New York, and includes all writings, drawings, graphs, charts,

photographs, phonorecords, e-mails, computer disks, compact discs, video tapes, audio tapes, microfiche, microfilm and any other data compilations from which information can be obtained.

       2.     Any Producing Party may designate any non-public Discovery Material produced, given or exchanged during the conduct of the Action as "Confidential" if such Producing Party reasonably believes that such Discovery Material may contain information that is non-public, proprietary or sensitive from a commercial, governmental or financial point of view or is the subject of a confidentiality agreement to which the Producing Party is a party (hereinafter referred to as "Confidential Discovery Material"). All Confidential Discovery Material and the information contained or reflected therein or derived therefrom shall be protected from disclosure in accordance with the terms, conditions and restrictions of this Order.

       3.     The Parties disagree as to the ability to designate documents "Attorneys' Eyes Only." In order to resolve that dispute, and given that the Parties have identified no such documents from their review to date, the Court hereby orders that any documents which a Party believes should be designated "Attorneys' Eyes Only" may, upon notification to the other Party (including the number of documents and general subject matter), be withheld from production (except to outside counsel as provided below) until the Parties either agree upon, or the Court renders a ruling concerning, appropriate treatment for such documents. This provision is an attempt to defer any hypothetical dispute and shall not be given any weight in the resolution of any actual future dispute over whether any document warrants "Attorneys' Eyes Only" protection. During the pendency of any disagreement concerning the treatment of a document that a Party believes warrants an "Attorneys' Eyes Only" designation, such document must be produced solely to outside counsel and may not be revealed by such counsel to any other person or used for any purpose other than challenging its confidentiality designation.

4.    If any Party produces any Confidential Discovery Material without the appropriate designation, that Party may furnish a substitute copy properly designated along with written notice to all Parties that such information is deemed Confidential Discovery Material.

5.    If any non-party produces Discovery Materials and fails to designate them Confidential Discovery Material, any Party may seek to have such materials so designated if it in good faith believes such designation is necessary, either by requesting that the non-party producing the materials designate such materials, by requesting an agreement by all other Parties to such designation, or by seeking an order of the Court designating such material if no agreement can be reached. No penalty shall be imposed upon a receiving Party who has disclosed Discovery Material that is subsequently designated Confidential Discovery Material by the producing Party if the disclosure predates the designation.

6.    Any Party may object (the "Objecting Party") to a Producing Party's designation of Discovery Material as Confidential Discovery Material by giving written notice of such objection. The Parties shall engage in good-faith negotiations to resolve any such objections. In the case of an objection to the designation of Discovery Material as Confidential Discovery Material, if the dispute is not resolved following receipt of such objection and good-faith negotiations, the Objecting Party may apply to the Court. With respect to any such application to the Court, the Party opposing the lifting of the Confidential Discovery Material designation shall bear the burden of proof. Pending the resolution of any dispute, the Parties shall treat the Discovery Material at issue as Confidential Discovery Material according to the terms, conditions and restrictions of this Order.

7.    The designation of Discovery Material as Confidential Discovery Material for purposes of this Order shall be made in the following manner:

3

(a)    In the case of documents, by stamping the first page of a document (if the entire document is to be designated) or by stamping each page to be designated in a manner that will not interfere with the legibility of the page with the legend "CONFIDENTIAL" at the time of or prior to production of that document;

(b)    In the case of information produced on computer disk, compact disc, video tape or audio tape, by stamping the labels affixed to such disk or tape with the legend "CONFIDENTIAL" at the time of or prior to production of that disk or tape;

(c)    In the case of interrogatory responses, by labeling each page thereof containing, referring to or disclosing Confidential information with the legend "CONFIDENTIAL," or otherwise designating particular responses as "CONFIDENTIAL" at the time of or prior to service of those responses; and

(d)    In the case of information disclosed during a deposition or in any exhibit thereto, by so indicating on the record at the deposition or by designating in writing, within thirty (30) days of receipt of the transcript, specifying the pages and lines of the transcript so designated. Until such time period expires, the entire volume of the deposition transcript shall be treated as Confidential Discovery Material. The cover page and the designated pages of all copies of the deposition transcripts that contain material designated as confidential shall be prominently marked "CONFIDENTIAL." Nothing in this Paragraph 7(d) precludes the deponent from reviewing the transcript at any time.

8.    A Producing Party may, for good cause, redesignate any material that it has produced; *provided, however*, that such redesignation shall be effective only as of the date of such redesignation. Redesignation of Discovery Material as Confidential Discovery Material shall be accomplished by notifying the other parties in writing of such redesignation and by

4

labeling such Discovery Material in accordance with Paragraph 7 hereof. Upon redesignation (and unless and until the Court rules in favor of a motion made by any Objecting Party as provided below), the other Party or Parties shall not make any further disclosure or communication of such redesignated material except as provided for in this Order.

    (a)    Any Party receiving redesignated material shall (i) provide any individuals known to have possession of any redesignated material with a copy of this Order, and (ii) urge any such individual in writing to execute an acknowledgement in the form attached hereto as Exhibit A and otherwise act in accordance with Paragraph 10(d) hereof, if the individual does not fall within the categories described in Paragraphs 10(a)– (c); *provided, however*, that if any such individual is a third-party that the Producing Party is aware has received materials prior to being redesignated, then the receiving Party may, in lieu of clauses (i) and (ii), provide the identity and contact information for said individual to the Producing Party so as to allow the Producing Party to satisfy clauses (i) and (ii).

    (b)    If a Party notifies the Producing Party in writing of an objection to the redesignation, the Parties shall engage in good faith negotiations to resolve any such objection, and if the dispute is not resolved following receipt of such objection and good-faith negotiations, the Objecting Party may apply to the Court. With respect to any such application to the Court, the Party opposing the lifting of the Confidential Discovery Material designation shall bear the burden of proof.

    9.    All Discovery Material, including without limitation Confidential Discovery Material, and all copies, excerpts or summaries thereof, and any information contained therein, shall be used solely for the prosecution or defense of the Action (including (a)

actions initiated against or by third parties in this or other U.S. jurisdictions related to execution of judgments in the Action and (b) appeals of the Action).  Discovery Material designated as Confidential Discovery Material shall be disclosed only in accordance with the terms, conditions and restrictions of this Order; *provided, however,* that nothing in this Paragraph 9 shall be deemed to waive or in any way restrict a Party's right to subpoena any Confidential Discovery Material for use in any other action.

        10.    Subject to the terms, conditions and restrictions of this Order, and except upon prior written consent of the Producing Party or by order of this Court, Discovery Material designated as Confidential Discovery Material, and all copies, excerpts or summaries thereof, and any information contained therein, shall be disclosed, revealed or otherwise made known only to the following persons:

        (a)    the Court, persons employed by the Court and stenographers and videographers transcribing or recording the testimony or argument at a hearing, trial or deposition in the Action or any appeal therefrom;

        (b)    counsel of record to the Parties in the Action (and the Parties' in-house counsel or general counsel), or attorneys, clerical, paralegal and secretarial staff regularly employed by such counsel;

        (c)    any named or subsequently joining Party, or officer, director or employee of any named or subsequently joining Party; and

        (d)    non-party trial or non-party deposition witnesses, not more than thirty (30) days before the scheduled testimony, provided that counsel has a good-faith belief that such disclosure is necessary to the preparation of that witness, and provided

6

that such person(s) signs and delivers to such counsel an acknowledgement in the form attached hereto as Exhibit A.

Notwithstanding any other provisions, either Party, after a prompt meet and conferral, may apply to the Court to have any document or category of documents designated by the other side lifted from the confidentiality protection and that on such an application, the Party opposing the lifting of confidentiality shall bear the burden of proof.

11.     Intentionally omitted.

12.     In the event that counsel for any Party determines that Confidential Discovery Material is relevant to a Motion to be filed with the Court, that Party shall attach copies of such Discovery Material only to copies of such Motion served on the other Parties and on courtesy copies sent to Chambers, but not to copies filed with the Court.

13.     In the event that Confidential Discovery Material is used at the deposition of a non-party witness who has failed or refused to sign the acknowledgement referenced in Paragraph 10(d) above, the witness shall be advised on the record that some or all of the documents to be used during the deposition are confidential, and requested to keep such documents (and the contents thereof) confidential and not disclose them or their contents to any third parties. The Order shall be deemed as binding, to the extent possible, on such non-party witness as if he or she had signed the acknowledgement referenced in Paragraph 10(d), and any Confidential Discovery Material used shall remain confidential.  No witness shown Confidential Discovery Material, who is not otherwise authorized, may have access to such material after his or her deposition except to the extent necessary to read and sign his or her deposition transcript.

14.     Notwithstanding anything contained in Paragraph 10 above, Confidential Discovery Material may be provided to experts consulted by counsel in connection with the

7

Action to the extent deemed reasonable and appropriate by counsel for such experts to provide advice or prepare to testify; *provided, however,* that any expert who receives Confidential Discovery Materials signs an acknowledgement in the form attached hereto as Exhibit A, and agrees not to disclose or use such Confidential Discovery Material for purposes other than those permitted hereunder.

15.    Intentionally omitted.

16.    Nothing herein shall prevent any Party from seeking further, greater or lesser protection with respect to the use of any Confidential Discovery Materials in connection with any trial, hearing or other matter in the Action; or seeking to prevent Confidential Discovery Material from being provided to persons described in Paragraphs 10 and 14 of this Order.

17.    Nothing herein shall be construed to limit any Party in the use or disclosure of its own documents or information, or documents or information obtained through other means besides discovery in the Action.

18.    Entering into, agreeing to and/or producing or receiving Discovery Material, or otherwise complying with the terms of this Order shall not:

(a)    prejudice in any way the rights of the Parties to the Action or other persons from whom discovery may be sought to object to requests for discovery or to the production of documents that they consider not subject to or privileged from discovery;

(b)    operate as an admission by the parties to this Order or by any other Producing Party that the restrictions and procedures set forth herein constitute adequate protection against the disclosure of Discovery Material designated as Confidential Discovery Material, or prejudice in any way the rights of a Producing Party to apply to

8

this Court for an Order relating to any Discovery Material produced by that Producing Party;

(c)     prejudice in any way the rights of the Parties to the Action to seek a determination of this Court that particular information should be produced;

(d)     prejudice in any way the rights of any Party to object to the relevance, materiality, competence, authenticity or admissibility into evidence at trial or a hearing of any document, testimony or other information that is subject to this Order; or

(e)     prevent the parties to this Order from agreeing to alter or waive the provisions or protections provided for herein with respect to any particular Discovery Material.

19.     This Order is without prejudice to any Producing Party's right to assert that Discovery Material is subject to a claim of privilege or protection from disclosure on the basis of the attorney-client privilege, attorney work product, or on the basis that it was prepared in anticipation of litigation, or on any other ground of privilege, and is without prejudice to any other Party's right to contest such an assertion.

20.     If Discovery Material subject to a claim of privilege or protection from disclosure on the basis of the attorney-client privilege, attorney work product, or on the basis that it was prepared in anticipation of litigation, or on any other ground of privilege is nevertheless inadvertently produced by a Producing Party, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim that the Discovery Material is privileged or otherwise protected from disclosure. If a claim of inadvertent production is made pursuant to this Paragraph 20 with respect to Discovery Material then in the custody of another Party, such Party shall promptly return to the Producing Party that Discovery Material within its

9

possession, custody or control as to which the claim of inadvertent production has been made. In addition, the receiving Party shall destroy all notes or work product reflecting the contents of such Discovery Material made after notification of the claim of inadvertent production, and shall not use such Discovery Material, or the information contained therein, for any purpose in the Action or in any other action; *provided*, that, in the event a Party objects to any such privilege claim, counsel for the objecting Party shall be permitted, in lieu of destroying any notes or work product reflecting the contents of such Discovery Material, to set aside any such materials in a secure place and manner that prevents (or, if applicable, redact such materials in a manner that prevents) the purportedly privileged information from being further disclosed or reviewed until the Court issues a ruling on the privilege claim. Notwithstanding the foregoing, when a Party receives notice of an inadvertent production, it shall have five (5) business days to give notice that it challenges such assertion. If a Party does not challenge the assertion of privilege within the five-business-day period, it will be deemed to have waived its claim that the material is not privileged. If a Party does give notice that it challenges the assertion of privilege within the five-business-day period, the Producing Party shall have seven (7) business days from the date of the notice of challenge to apply to the Court to resolve the dispute. If the Producing Party fails to apply to the Court within the seven-business-day period, it will be deemed to have waived its claim of inadvertent production. The produced material shall be returned by the Party receiving it until the resolution of the dispute. If the Court determines — or the Parties otherwise agree — that the disputed material is not privileged, then the Producing Party shall return such material immediately. Nothing in this Paragraph 20 shall increase or diminish the rights of a Party to contest, or the manner in which such Party may contest, such privilege claim to the extent and in the manner permitted by law.

10

21.    If any Confidential Discovery Material is publicly disclosed in a manner that does not violate this Order, it shall not be considered Confidential Discovery Material after its disclosure. To the extent that counsel to any Party believes that Confidential Discovery Material has been publicly disclosed, it shall notify counsel for all other Parties before using or disclosing such material in a manner inconsistent with the use or disclosure of Confidential Discovery Material under this Order.

22.    In the event that any Confidential Discovery Material is used in an open court proceeding in the Action, or any appeal therefrom, it shall not lose its status as Confidential Discovery Material through such use. Counsel shall confer on such procedures as are necessary to protect the confidentiality of information used in the course of any court proceedings. If the Parties are unable to agree upon such procedures, the Parties shall request a ruling from the Court.

23.    In the event that before, during or after trial, or in connection with any hearing in the Action or any matter relating to the Action, counsel for any Party determines to file or submit to the Court any Confidential Discovery Material, such Party shall attach copies of such material only to copies of such filing or submission served on the other Parties and on courtesy copies sent to Chambers, barring agreement of the Producing Party, but shall refrain from filing such material with the Clerk of the Court for seven (7) business days, during such time any Party may apply to the Court in accordance with the terms of Paragraph 30 of this Order to accept the filing of said material under seal, *provided, however*, that no material shall be filed under seal without an express showing that the standards of *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006) have been met. The Party seeking to submit such material shall not file said material with the Clerk of the Court pending the resolution of any

11

such application. Should either the Producing Party consent or no Party make such application within seven (7) business days of service of said filing or submission, the filing of such material under seal shall not be required.

        24.    If any person or entity receiving Confidential Discovery Material (1) is subpoenaed in an action other than the Action, (2) is served with a demand in an action other than the Action to which he, she or it is a party, (3) is served with legal process by an individual or entity not a party to the Action, or (4) is subject to a request, rule, regulation or other legal compulsion of or relating to a governmental entity asserting jurisdiction over it seeking production or provision of Confidential Discovery Material, that person or entity:

        (a)    shall as soon as practicable provide written notice, including a copy, of such subpoena, demand, request, or other legal process to counsel for the Party or non-party that produced such Confidential Discovery Material in the Action;

        (b)    shall, upon request of the Producing Party, provide a copy of the Order to the person or entity that served or caused to be served the request for Confidential Discovery Material, with a copy of such notice to be provided contemporaneously to counsel for the Party or non-party that produced such Confidential Discovery Material in the Action;

        (c)    shall not produce the Confidential Discovery Material so requested until the shorter of ten (10) business days after providing such notice to counsel for the Party or non-party that produced such Confidential Discovery Material in the Action, or the time and date designated for producing such Confidential Discovery Material pursuant to any subpoena, demand, request, or other legal process; *provided, however*, no such requested Confidential Discovery Material shall be produced while a timely motion

12

by any Party or relevant non-party to quash or otherwise contest the production of the

Confidential Discovery Material is pending.

Notwithstanding anything contained in this Paragraph 24, nothing in this

Paragraph 24 shall require the person or entity subject to a subpoena, demand, request, or other

legal process to (i) violate any order of a court or the laws of any political subdivision, including,

without limitation, a regulatory body, asserting jurisdiction over it, (ii) subject itself to any

sanction, penalty or fine, or (iii) incur unreasonable expense in the defense of the Confidential

Discovery Material.

25.    Neither the conclusion of the Action nor the termination of employment of

any person who has had access to any Confidential Discovery Material shall relieve such person

from the obligation of maintaining the confidentiality of such information.

26.    Notwithstanding the conclusion of the Action, this Order shall continue to

be binding upon the parties hereto, and upon all persons to whom Discovery Material has been

disclosed or communicated pursuant to Paragraphs 10(b)–(d); except that a Party may seek the

written permission of the Producing Party with respect to any change, dissolution or modification

of this Order.

27.    Within sixty (60) days after the conclusion of the Action, including any

appeals arising from it, all Confidential Discovery Material and copies (including excerpts and

summaries thereof) held by a Party other than a Producing Party with respect to such material

shall: (a) be returned to counsel for the Producing Party or non-party; (b) if requested by the

Producing Party, be the subject of a written certification to the producing party that such

Confidential Discovery Material has been destroyed, except that any Confidential Discovery

Material that has been preserved on backup tapes need not be destroyed from such backup tapes;

13

28.    The phrase "conclusion of the Action" means after all appeal periods have expired and any payments due pursuant to any judgment are paid, or after final and irrevocable payment of all sums due under any settlement agreement, whichever happens first.

29.    This Order may be modified by stipulation among the parties hereto. Nothing in this Order shall prohibit (i) a Party from seeking further, lesser or different protection of Discovery Material by stipulation among all the Parties or application to the Court in accordance with the terms of Paragraph 30 of this Order or (ii) the Parties from agreeing to extend, or seeking the Court's intervention to extend, any time periods set forth in this Order.

30.    This Order is governed by, interpreted under, and construed and enforced in accordance with New York law, without regard to the conflicts of law principles of the State of New York. Any dispute between the parties regarding this Order shall be resolved by making an appropriate application to this Court in accordance with the Rules thereof.

14

Dated: New York, New York
      April 1, 2008

O'SHEA PARTNERS LLP                    CLEARY GOTTLIEB STEEN & HAMILTON LLP


By: _____            By: _____
Michael E. Petrella                     Jeffrey A. Rosenthal
                                        A Member of the Firm

90 Park Avenue                          One Liberty Plaza
New York, New York 10016                New York, New York 10006
Telephone: (212) 682-4426               Telephone: (212) 225-2000
Facsimile: (212) 682-4437               Facsimile: (212) 225-3999

Attorneys for Plaintiffs Luminent       Attorneys for Defendant HSBC Securities (USA)
Mortgage Capital, Inc.; Minerva         Inc.
Mortgage Finance Corporation; and
Mercury Mortgage Finance Statutory
Trust

*Subject to the terms of the Addendum of April 3, 2008*

SO ORDERED this ___ day of April, 2008:

_____
Honorable P. Kevin Castel
UNITED STATES DISTRICT JUDGE

15

**Exhibit A**

<u>ACKNOWLEDGEMENT</u>

I hereby certify my understanding that Discovery Material designated as Confidential is being provided to me pursuant to the terms, conditions and restrictions of the Stipulation and Order Governing Confidential Information (the "Order") in the action captioned *Luminent Mortgage Capital, Inc. et al. v. HSBC Securities (USA) Inc.*, Civ. Action No. 07 Civ. 9340 (PKC), and that I have been given a copy of the Order and agree to be bound by its terms. I understand and agree that all Discovery Material designated as Confidential I may be shown, including copies thereof and any notes and transcriptions made therefrom and information contained therein, are to be used only for the purposes permitted by the Order, and for no other purpose. I also understand and agree that all Discovery Material so designated shall be returned or destroyed in the manner provided in Paragraph 27 of the Order. I agree to resolve any disputes regarding the terms, conditions or restrictions of the Order according to the terms of Paragraph 30 thereof.

Signature

Name*

Address*

Date:

* This information must be printed or typed

16

ADDENDUM TO
STIPULATION AND ORDER GOVERNING CONFIDENTIAL MATERIAL
Lumient Mortgage Capital, Inc. v. HSBC Securities (USA) Inc.
07 Civ. 9340 (PKC)

Notwithstanding any other provision, no document may be filed with the

Clerk under seal without a further Order of this Court addressing the specific documents

to be sealed.  Any application to seal shall be accompanied by an affidavit and

memorandum of law, demonstrating that the standards for sealing have been met and

specifically addressing United States v. Amodeo, 44 F.3d 141, 145 (2d Cir. 1995)

("Amodeo I ") and Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 119-120 (2d Cir.

2006).

Nothing herein is intended to alter or modify the applicability of Rule 5.2,

Fed. R. Civ. P., and the redactions authorized thereby may be made without further

application to the Court.

SO ORDERED.

_____
United States District Judge

Dated:  New York, New York
        April 3, 2008