# O'SHEA PARTNERS LLP

90 PARK AVENUE
20th FLOOR
NEW YORK, NEW YORK 10016

**MEMO ENDORSED**

SEAN F. O'SHEA
MICHAEL E. PETRELLA

HARLAN J. PROTASS
MARC D. FEINGOLD
JONATHAN R. ALTSCHULER
MAUREEN MORAN
JULIE O'SHEA

(212) 682-4426
Fax (212) 682-4437
www.osheapartners.com

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/29/08

May 29, 2008

**BY FAX**

Hon. P. Kevin Castel, U.S.D.J.
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

Re: Luminent Mortgage Capital, Inc. et al. v. HSBC Securities (USA) Inc.
    07 Civ. 9340 (PKC)

Your Honor:

This office represents Plaintiffs in the above captioned matter. We are in receipt of Defendant's letter to the Court of today. As a preliminary matter, this is the second time in the relatively short history of this litigation that Defendant has blatantly violated this Court's orders regarding the resolution of discovery disputes. In orders dated February 4th and February 28th, this Court made absolutely clear that before any discovery issues were submitted to the Court for resolution, the parties were required to confer, and exchange drafts (multiple drafts, if necessary) of a joint dispute letter. The process ordered by the Court was obviously designed to maximize the chances that the parties could resolve their differences without burdening the Court. On March 19th, Defendant violated these orders for the first time, as pointed out in Plaintiffs' letter of the same date. (Exhibit 1.) Now, Defendant has again ignored this Court's repeated and express directives.

Plaintiffs write primarily to request until close of business on Monday to respond to Defendant's letter. We first received the letter at 6:42 p.m. on the Friday before Labor Day weekend. As a result, we did not see it until Tuesday morning – two days ago. Defendant's counsel, apparently believing that they have the right to dictate our schedule, insisted on a response by Friday morning at 10 am, despite the fact that we offered compromises on the outstanding issues yesterday that Defendant flatly rejected within hours. Our office has a complex brief due in a federal securities matter venued in the District of Connecticut due today, and another on Monday (also a federal securities action venued in the Eastern District of Pennsylvania). Accordingly, we are neither able nor required to meet Defendant's unilaterally imposed timetable.

Obviously, it is critical that Plaintiffs be accorded the right to be heard on the issues raised in Defendants' letter. As we will explain in detail in our response, Defendant's letter is literally overflowing with misleading statements and outright misrepresentations to the Court. For example:

---

*Handwritten endorsement:* Plaintiffs' counsel need not be concerned about any letter to the Court regarding a discovery dispute. None has been received. No doubt aware of this Court's Orders of February 4, 2008 and last time of this Court's Order, Defendant's counsel will contact Plaintiff's counsel with a view towards resolution of dispute. SO ORDERED. [signature] USDJ 5-29-08

- Defendant claims that it has been attempting to contact Plaintiffs for three weeks regarding the issues raised in its letter, and that Plaintiffs have not responded. In reality, the parties just had an extended, detailed conference call on virtually all of the issues raised by Defendant on May 13th. During that conference, Plaintiffs' counsel advised Defendant that they would need some time to gather information from their clients. Specifically, Plaintiffs indicated that, in order to respond to Defendant's demands, they would first have to gather certain information, and determine the number of electronic documents that would have to be reviewed to comply with Defendant's request. That process, of necessity, required client input, and considerable work by Plaintiff's IT personnel.

- Defendant's letter raises one issue (regarding searches of multiple additional custodians) that it has never so much as *mentioned* to Plaintiffs' counsel. This is a clear violation of this Court's February 4th and February 28th orders.

- Defendant's letter raises at least one issue (regarding Bloomberg transmissions) that the parties had already resolved during the May 13th conference. Defendant's counsel, Mr. Rosenthal, not only acknowledged as much, but also expressly stated that he would not raise the raise the issue with the Court, as he considered it resolved.

Defendant's substantive arguments are also badly flawed, as we will demonstrate in our response when it is submitted to the Court. However, we certainly believe that an exchange of joint letters in accordance with the Court's prescribed procedure would go a long way toward reducing, if not eliminating, the current areas of dispute.

Based on the foregoing, Plaintiffs request the following relief:

(a) An order striking Defendant's letter and directing it proceed in a manner consistent with this Court's February 4th and February 28th orders, or

(b) Alternatively, an order permitting Plaintiffs to respond to Defendant's letter by close of business Monday, and precluding Defendant from submitting a reply as sanction for its violation of this Court's orders; and

(c) An order admonishing Defendant's counsel to comply with this Court's February 4th and February 28th orders going forward.

Respectfully submitted,

Michael E. Petrella

cc: Jeffrey Rosenthal, Esq. (via e-mail)

2